STATE OF NEW HAMPSHIRE

v.

JAMES W. COOK

June 30, 1992

*John P. Arnold*, attorney general (*Donald Feith*, senior assistant attorney general, on the brief and orally), for the State.

*Michael K. Skibbie*, assistant appellate defender, of Concord, by brief and orally for the defendant.

JOHNSON, J.   The defendant, James W. Cook, was convicted of three counts of perjury arising from sworn statements and testimony he gave during a hearing on his *pro se* motion to modify child support payments in Superior Court (*Hollman*, J.). At the end of the presentation of evidence at his perjury trial, the defendant moved to dismiss two of the three indictments, or to merge all three into one, because they were based on repetitions of the same false testimony. The Superior Court (*Barry*, J.) denied the motion and, following the convictions, sentenced the defendant to concurrent terms of incarceration of two to four years on two convictions and a consecutive suspended sentence of three and one-half to seven years on another conviction. The court denied bail pending appeal. We affirm in part, reverse in part, and remand for resentencing.

In September 1988, the defendant filed a motion to modify his child support obligations. In his answer to an interrogatory served on him by his ex-wife's counsel, asking him to "[l]ist any and all bank accounts, savings deposits, mutual funds, certificates of deposit or any and all other similar accounts held by you during the requested time period," the defendant listed only one account held at Keene Savings Bank. In fact, the defendant held two other accounts, one at First Northern Bank, and one, held jointly with his cousin, at the Greater Providence Deposit Corporation in Providence, Rhode Island.

Early in his cross-examination of the defendant at the child support hearing, the defendant's ex-wife's counsel asked the following series of questions, which gave rise to one count of perjury:

"Attorney: Do you feel you have very honestly and truthfully answered interrogatories fully and completely?

Cook: My perception is they were certainly full and complete as they could be, yes.

Attorney: And honestly answered?

Cook: That's correct.

Attorney: And you feel you were in good faith in your answers that you supplied?

Cook: That's correct.

Attorney: And you didn't hide or conceal any other assets, did you? In other words you weren't trying to hide assets in the way you answered your interrogatories?

Cook: I had no hidden motives. I was trying to be truthful."

Later in the hearing, the defendant disclosed for the first time that he did, in fact, have another account, the one at First Northern. After that disclosure, the attorney asked him: "Are there any other bank accounts in your name or held on your behalf other than those two accounts?" to which Mr. Cook answered: "Other than the children's, no." This denial formed the basis for the second indictment for perjury, because the defendant failed to disclose the account at Greater Providence Deposit Corporation.

Later in the hearing, the attorney reiterated his prior question:

"Attorney: I'll ask you once again. Are there any other bank accounts that you failed to disclose to this Court?

Cook:       To my recollection, no."

This denial formed the basis for the third perjury indictment. The State now concedes that the third question was essentially duplicative of the previous question regarding undisclosed accounts, and the false statement in response to it should not have given rise to a separate count of perjury. Accordingly, we merge the last two of the three convictions into one.

■   On appeal, the defendant argues that all three counts should have been merged into one. Because of the State's concession that one of the indictments was duplicative, we are concerned only with the other two indictments. The issue presented may be stated as follows: Does the reiteration of a false statement, after a partial disclosure of the truth, give rise to a separate charge of perjury? We hold that it does.

The perjury statute, RSA 641:1, reads, in pertinent part, as follows:

"I.  A person is guilty of a class B felony if in any official proceeding:

(a) He makes a false material statement under oath or affirmation, or swears or affirms the truth of a material statement previously made, and he does not believe the statement to be true . . . ."

The defendant argues that all three of the indictments should have been merged because they were based on repetitions of the same false statement. He asserts that "[o]nce the false statement is made, the integrity of the proceeding has been affected [and] [t]he mere repetition of the falsity will not, without more, add to the effect on the proceeding," and cites *Masinia v. United States*, 296 F.2d 871 (8th Cir. 1961), for the proposition that reiteration of the same question may not be used to multiply the offense of perjury.

"The offense of perjury may not be compounded by the repetitious asking of the same question. True, the questions were asked at different times and in different contexts during the hearing. Nevertheless, we are constrained to hold that Counts 2 and 4 were duplicitous since they both involved the denial by the appellant that he had been in the jewelry store in Reno, Nevada, on or about March 20, 1958, and *nothing more*."

*Id.* at 880 (emphasis added).

■ In this case, there was "something more"; namely, Cook's disingenuous attempt to "come clean." Once Cook conceded that he held the account at First Northern, the court had reason to believe that all of the effects of the previous false statement had been removed, and that the hearing could proceed in good faith with all relevant facts disclosed. In fact, that was not the case. Cook failed to disclose that he held an account at Greater Providence *after* giving the court reason to believe that he had fully disclosed all relevant facts and that the integrity of the proceeding had been restored. Therefore, Cook's second denial was of a different magnitude and nature than his first denial because of both its timing and its context.

The mere fact that Cook's second denial was implicit in his first denial does not make these charges of perjury duplicative. In *Masinia*, the defendant was charged with perjury based on testimony he gave to a grand jury investigating a jewelry robbery in Reno, Nevada. The defendant testified before the grand jury that he was not in Reno in March 1958, and that he was not in a jewelry store in Reno on March 20, 1958. *Masinia,* 296 F.2d at 873. The defendant was charged with four counts of perjury. Count 1 was based on the defendant's denial that he was in Reno in March 1958. Counts 2 and 4 were based on his separate denials that he was in the jewelry store in Reno on March 20, 1958. Although the court held that counts 2 and 4 were duplicative because they both involved a denial that the defendant had been in the jewelry store, the court made no suggestion that count 1 was duplicative of counts 2 and 4, even though the denials giving rise to counts 2 and 4 clearly were implicit in the denial giving rise to count 1. *Id.* at 880. The defendant's denial that he was in a Reno jewelry store on March 20, 1958, was implicit in his denial that he was in Reno at any time in March 1958. Similarly, Cook's failure to disclose that he had an account at Greater Providence was implicit in his earlier failure to disclose that he had any accounts other than the one at Keene Savings Bank. Therefore, consistent with *Masinia*, the first and second indictments are not duplicative.

■ The latter two indictments of perjury arose from the same factual misrepresentation and should have been merged into one. Because we reverse one conviction, we remand for reconsideration of the sentence on the other two since the trial court should be given the opportunity to fashion sentences based on the two valid convictions.

■ The defendant also challenges the court's denial of his request for bail. The State concedes that the trial court's failure to set

forth its reasons for denying the defendant bail pending appeal was· error. *See* RSA 597:1-a, V (Supp. 1991) ("In any case where release is denied pending appeal, the court shall provide for the record the reasons for such denial."). We agree that the trial court should have stated its reasons for denying bail. However, in light of our decision on the first issue, the bail issue is moot.

*No. 89-S-254 reversed; No. 89-S-256 conviction affirmed, sentence vacated; No. 89-S-257 conviction affirmed, sentence vacated.*

BROCK, C.J., did not sit; the others concurred.